Joseph A. Cox, S.
Questions of the proper allocation between principal and income of corporate distributions in the form of stock and cash are presented in this second intermediate accounting of the trustee of two trusts created by decedent’s will. All of the stock distributions and also a liquidating dividend have been credited to principal. A portion of a cash dividend also was transferred from income to principal. Objections to these allocations have been filed by the two income beneficiaries and a judgment creditor of one of them. Two stipulations of fact have been submitted.
Decedent died on July 9,1934. In her will, which was executed on July 5, 1927, she directed: “ The Trustees of the trusts hereinabove created shall pay over to the respective beneficiaries of the income hereunder, the entire income from any bonds held as a part of any trust fund without amortizing any premium at which they may have been taken over or purchased, as well as any and all stock or special dividends.” In the absence of such direction section 17-a of the Personal Property Law would apply and any. stock dividend would be considered wholly principal. Here the testatrix has provided otherwise and her testa *794 mentary direction is controlling (Matter of Hilliard, 254 App. Div. 879, motion for leave to appeal denied 279 N. Y. 811; Matter of Heinrich, 195 Misc. 803) and, as to the distributions made by the corporations in their own shares, the issue is whether the additional stock thus issued constituted a stock dividend or a stock split-up. The distinctions between these two methods of issuing corporate shares has been stated in Matter of Lawrie (119 N. Y. S. 2d 906, 911) and has been followed in other decisions with which this court is in accord. (Cf. Matter of Berger [Bankers Trust Co.], 6 Misc 2d 468; Matter of Davis, 128 N. Y. S. 2d 152.)
The parties who argue the issue are in agreement that the conclusion reached in Matter of Fosdick (4 Misc 2d 1003) is applicable here in respect of the shares of General Electric Company and it is so held. It is held further that the positions taken by the income beneficiaries with regard to the shares of American Cyanimid Company, American Gas and Electric Company, Crown Zellerbach Corporation and Standard Oil Company of New Jersey are correct. The additional shares of the latter company represented both a capitalization of earned and capital surplus, which was distributed as a stock dividend, and a reduction of par value, which constituted a stock split-up.
The amount of $78.03, a portion of the cash dividend received from Kennecott Copper Corporation and which was transferred by the trustee to principal, should have been retained in the income account. (Matter of Untermeyer, 95 N. Y. S. 2d 2.) Each income beneficiary is entitled to the sum of $4,216.50 of the liquidating dividend paid by Houston Oil Company of Texas. (Matter of Schaefer, 178 App. Div. 117, 120, affd. 222 N. Y. 533; Matter of Heinrich, 195 Misc. 803, 810-811, supra.)
Submit decree on notice settling the account accordingly.